## STUMPF v. SANFORD, Warden.

### No. 11039.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1944.

wilfully failing to keep his local board advised of a change of address is a crime we held in Bartchy v. United States, 5 Cir., 132 F.2d 348, reversed for lack of sufficient evidence, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534. Canadian enlistment, if a good defense, should have been urged at the trial, and may not on habeas corpus be made a ground for release. But since the appellant in fact was not advised by counsel at his trial, we go out of our way to say that in our opinion it was not a good defense. Enlistment in the Canadian army was at the time permitted, and if reported to the local board would have resulted in deferment; but the duty was on the registrant to claim the deferment and to advise the board of his changed address. Otherwise the board could not well perform its functions with reference to such registrants.

Judgment affirmed.

Clint W. Hager and J. F. Kemp, both of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

Appellant sought discharge from the penitentiary by writ of habeas corpus because the sentence under which he is held is for the offense under the Selective Service Act, 50 U.S.C.A.Appendix § 301 et seq. of failing, being a registrant, to notify his local board of a change in his address. There is also a sentence for the offense of failing to receive and fill out his questionnaire. Probation having been granted as to the sentence for the latter offense, the imprisonment is really for the former. The contentions, overruled by the District Judge and urged here, are that it is no offense against the law to fail to notify the local board of a change of address, and that appellant had enlisted in the Canadian army and was not required to deal further with the board.

The District Judge on sufficient evidence found that assistance of counsel was intelligently waived. No point of that kind is urged here. That a registrant's