622

Michael J. KRAUS, Appellant,

v.

**SELECTIVE SERVICE SYSTEM LOCAL**
**25 (Board Members: Joseph Hirshfield,**
**Hurley Cox, and Jerome Dashner);**
**Colonel James L. Hays, as Director Se-**
**lective Service, State of Maryland; and**
**Lt. General Lewis B. Hershey, as Na-**
**tional Director of Selective Service, Ap-**
**pellees.**

No. 12786.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1969.

Decided March 13, 1969.

Joseph J. Wase, Baltimore, Md. (Robert Eugene Smith, Towson, Md., on brief), for appellant.

Alan I. Baron, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal concerns the effect of § 10(b) (3) of the Military Service Act of 1967 on Michael J. Kraus' action to enjoin his impending induction into the armed forces. The Act [50 U.S.C. App. § 460(b) (3) (1968)] provides in part:[1]

"No judicial review shall be made of the classification or processing of

1. The 1967 amendment, § 8(c) of the Military Service Act of 1967, 81 Stat. 104, codified prior case law. E. g., Witmer v. United States, 348 U.S. 375,

75 S.Ct. 392, 99 L.Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); and Falbo v. United States, 320 U.S. 549,

any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

The district court held that the statute prohibited pre-induction judicial review of Kraus' classification and the order for him to report for induction, and it dismissed his complaint for declaratory and injunctive relief. We affirm, but in doing so we hold only that Kraus' complaint was premature. We do not pass upon the merits of his claim. These may be asserted after induction by habeas corpus, or if he refuses induction, by his defense to criminal prosecution.

Kraus is thirty-one years of age. He had a III–A dependency deferment as a father living with his wife and children. To protest United States action in Vietnam he returned his registration certificate and classification card to the government. His local board declared him a delinquent on the ground that he failed to have his classification card in his possession and reclassified him I–A. When ordered to report for induction, he responded by bringing this action, alleging that his reclassification was punitive and that it violated the First and Fifth Amendments of the Constitution. He also attacked the constitutionality of

§ 10(b) (3) and the statutes and regulations under which the board acted.

The Supreme Court construed § 10(b) (3) in Oestereich v. Selective Service Bd. No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L. Ed.2d 418 (1968).[2] These cases do not deal expressly with Kraus' situation, but they chart the course we believe must be followed. Gabriel sought to enjoin his induction and to obtain a declaration that the rejection of his claim to conscientious objector classification was improper. The Court observed that the board had statutory authority to take the action which Gabriel challenged and that the classification involved a determination of fact and exercise of the board's judgment. The Court held § 10(b) (3) to be constitutional and that it barred Gabriel's premature application for relief, saying:

"We find no constitutional objection to Congress' thus requiring that assertion of a conscientious objector's claims such as those advanced by appellee be deferred until after induction, if that is the course he chooses, whereupon habeas corpus would be an available remedy, or until defense of the criminal prosecution which would follow should he press his objections to his classification to the point of refusing to submit to induction." 393 U.S. at 259, 89 S.Ct. at 426.

64 S.Ct. 346, 88 L.Ed. 305 (1944). But see Wolff v. Local Bd. No. 16, 372 F.2d 817 (2d Cir. 1967), which allowed pre-induction review of delinquency reclassification. "Section 10(b) (3) was likely precipitated by [*Wolff*]." Oestereich v. Selective Service Bd. No. 11, 393 U.S. 233, 245, n. 7, 89 S.Ct. 414, 420, 21 L.Ed.2d 402 (1968) (concurring opinion of Mr. Justice Harlan). The 1967 amendment was designed to reemphasize that "judicial review of classification should not occur until after the registrant's administrative remedies have been exhausted and the registrant presents himself for induction." S.Rep. No. 209, 90th Cong., 1st Sess., 10 (1967), quoted in Oestereich v. Selective Service Bd. No. 11, 393 U.S. 233, 247, 89 S.Ct. 414,

21 L.Ed.2d 402 (1968) (dissenting opinion of Mr. Justice Stewart).

**2.** The Supreme Court also denied applications for stays in Shiffman v. Selective Service Bd. No. 5, 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 849 (1968), and Zigmond v. Selective Service Bd. No. 16, 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed. 2d 851 (1968). In both cases the registrants were declared delinquents, and lower courts applied § 10(b) (3) to deny pre-induction review. See also Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), *aff'd per curiam*, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969), which held that § 10(b) (3) barred a pre-induction challenge to the constitutionality of student deferments.

· Oestereich, as a gesture of protest, returned his registration certificate to the government. The board declared him delinquent for failure to have the certificate in his possession, classified him I–A, and ordered his induction. The significant factual difference that distinguishes *Oestereich* from the case before us is this: Oesterich was a ministerial student with a IV–D exemption; Kraus, as previously mentioned, had a III–A dependency deferment. In *Oesterich* the Court held that § 6(g) of the Act [50 U.S.C. App. § 456(g) (1968)], which provides in part that "students preparing for the ministry * * * shall be exempt from training and service * * *," created a statutory exemption beyond reach of the board through delinquency proceedings. The Court said at 393 U.S. 237, 89 S.Ct. 416:

> "Once a person registers and qualifies for a statutory exemption, we find no legislative authority to deprive him of that exemption because of conduct or activities unrelated to the merits of granting or continuing that exemption.

The Solicitor General confesses error on the use by Selective Service of delinquency proceedings for that purpose." [3]

Kraus stands on a somewhat different footing than Oestereich. Previously Kraus had been granted a student deferment. Section 6(h) (1) of the Act [4] provides that upon the termination of a student deferment, the registrant shall be liable for induction regardless of his age unless he is deferred under other exceptions specified in the Act. Among the exceptions is deferment for extreme hardship to dependents. Section 6(h) (2) of the Act [5] authorizes the President "under such rules and regulations as he may prescribe" to grant a deferment to a person who lives with his wife and children. It was under these provisions that Kraus was granted his III–A dependency deferment.

Among the rules and regulations to which Kraus' deferment was subject were those which required him to retain in his personal possession at all times his registration certificate [6] and notice

3. In his memorandum submitted to the Court in April 1968, the Solicitor General stated in part:
   "It is possible to construe [§ 10(b) (3)] as applicable to the generality of situations where the local board has applied its judgment, but to exclude purported action of a board which is in fact contrary to an exemption which has been expressly granted by statute. Such a construction is not only possible here, but it is desirable in order to avoid conflict with the congressional determination to grant exemption to ministers and ministerial students. In this situation it may be observed that there is room for an appropriate distinction between an order which is contrary to the terms of a statute and an order which is subject to challenge only on the ground that the board has misapplied or abused its authority in making its judgment."

4. Title 50 U.S.C.App. § 456(h) (1) (1968) states in part:
   "Any person * * * who requests and is granted a student deferment * * * shall, upon the termination

of such a deferred status * * *, be liable for induction as a registrant within the prime age group irrespective of his actual age, unless he is otherwise deferred * * *. As used in this subsection the term 'prime age group' means the age group which has been designated by the President as the age group from which selections for induction into the Armed Forces are first to be made after delinquents and volunteers."

5. Title 50 U.S.C.App. § 456(h) (2) provides in part:
   "[T]he President is also authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces of any or all categories of persons who have children, or wives and children, with whom they maintain a bona fide family relationship in their homes."

6. Title 32 C.F.R. 1617.1 provides in part:
   "Every person * * * must, after he has registered, have in his personal possession at all times his Registration Certificate * * *."

of classification.[7] In a memorandum dated October 24, 1967, the Director of Selective Service recommended that local boards declare a registrant delinquent if he fails to keep these papers in his possession [8] and to reclassify him I–A.[9]

■■ It is apparent from the Act that Kraus did not have a statutory exemption that was placed beyond the scope of delinquency proceedings. Instead, he had an administrative deferment which was subjected by statute to rules and regulations prescribed by the President. The validity of Kraus' reclassification and order to report for induction depend upon the propriety of the administrative action taken by the board. But thus far the board has taken only intermediate steps. Not until Kraus is accepted or rejected for service will the administrative process be completed. Kraus' situation provides no compelling reason for departing from the long established principle that "Congress [is] not required to provide for judicial intervention before final acceptance of an individual for national service." Falbo v. United States, 320 U.S. 549, 554, 64 S.Ct. 346, 349, 88 L.Ed. 305 (1944). For similar reasons, albeit under different circumstances, the constitutionality of § 10(b) (3) was upheld in Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

■ The only exception to the deferment of judicial review recognized by the Supreme Court arises from administrative action that deprives a registrant of a statutory exemption. E. g., Oeste-

reich v. Selective Service Bd. No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Since Kraus does not fall within this exception, he can contest his reclassification only after completion of administrative action as prescribed by Congress in § 10(b) (3). In reaching this conclusion we find support in other recent decisions that have denied pre-induction review to delinquent registrants who had classifications similar, but not identical, to Kraus' III–A dependency deferment. Kolden v. Selective Service Bd. No. 4, 406 F.2d 631 (8th Cir., 1969) (graduate student); Breen v. Selective Service Bd. No. 16, 406 F.2d 636 (2d Cir., 1969) (undergraduate); Zigmond v. Selective Service Bd. No. 16, 396 F.2d 290 (1st Cir. 1968) (former student not in the prime age group); Carpenter v. Hendrix, 277 F.Supp. 660 (N.D. Ga.1967) (junior college student). Contra, Armendariz v. Hershey, 295 F.Supp. 1351 (W.D. Texas, Feb. 5, 1969) (graduate student); Kimball v. Selective Service Bd. No. 15, 283 F.Supp. 606 (S.D. N.Y. 1968) (undergraduate).

Kraus' claims are substantial. In holding that he cannot assert them at this time, we do not adjudicate the merits of his complaint. Nor do we decide the government's alternative defense—Kraus' failure to exhaust his administrative appeals. Kraus' post-induction review will provide an appropriate forum for the consideration of this issue in the light of Kraus' constitutional and statutory challenge of his classification.

The judgment of the district court is affirmed.

---

7. Title 32 C.F.R. § 1623.5 provides in part:

"Every person who has been classified by a local board must have in his personal possession at all times, in addition to his Registration Certificate * * *, a valid Notice of Classification * * *."

8. Title 32 C.F.R. § 1642.4(a) provides: "Whenever a registrant has failed to perform any duty or duties required of him under the selective service law

* * *, the local board may declare him to be a delinquent."

9. Title 32 C.F.R. § 1642.12 provides in part:

"[A]ny delinquent registrant between the ages of 26 and 35 who on June 19, 1951 was, or thereafter has been or may be, deferred under any other provision of section 6 of such Act, * * * may be classified in or reclassified into Class I–A * * *."