**UNITED STATES of America,**
**Appellee,**

**v.**

**David B. TROUTMAN, Appellant.**

**No. 19405.**

United States Court of Appeals
Eighth Circuit.

June 20, 1969.

Rehearing Denied July 22, 1969.

George C. Pontikes, Chicago, Ill., for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee; James E. Reeves, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and VOGEL and HEANEY, Circuit Judges.

VOGEL, Circuit Judge.

This is an appeal from a judgment of conviction of willfully and knowingly failing and neglecting to submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. § 462. Appellant contends that his local draft board improperly maintained him in a delinquent I–A classification and ordered him for induction. We affirm.

■ The issue in this case must be determined from the information and evidence furnished by appellant in the administrative proceeding, Cox v. United States, 1947, 332 U.S. 442, 453–455, 68 S.Ct. 115, 92 L.Ed. 59; Vaughn v. United States, 8 Cir., 1968, 404 F.2d 586, 587, a chronological review of which shows the following:

April 13, 1956. Appellant registered with his local board in Decatur, Illinois.

Between April 13, 1956, and June 12, 1963, appellant was alternately classified II–S or I–A, thereby extending his liability for military service to age 35. 50 U.S.C.App. § 456(h); 32 C.F.R. § 1622.-1.

June 12, 1963. The appellant was granted a III–A dependency deferment on the basis of being a married registrant with two children.

March 17, 1966. A Current Information Questionnaire was sent to appellant at his last known address, 1310 West Macon Street, Decatur, Illinois. This questionnaire was returned by the post office marked "Addressee Unknown".

March 31 and May 4, 1966. Letters of inquiry as to appellant's whereabouts were sent to his mother at 944 West Packard Street, Decatur, Illinois, who had been listed by him as the person who would always know his address. The letter of March 31, 1966, was returned on May 9, 1966, with the notation "David left Decatur June 7—1963. I don't know where he is."

June 21, 1966. Appellant was classified I–A.

June 22, 1966. A Notice of Classification was mailed to appellant at 1310 West Macon Street, Decatur, Illinois. This notice was *not* returned by the post office and appellant did not appeal from his reclassification.

July 18, 1966. A Current Information Questionnaire was mailed to appellant at 1310 West Macon Street, Decatur, Illinois. This questionnaire was *not* re-

turned by the post office and appellant did not reply thereto.

Appellant's wife advised the clerk of the local board, by telephone, that appellant was living at 2712 Flower Avenue, North Las Vegas, Nevada; had not lived with her for two years; had money invested in the Sound Sleep Mattress Company, 708 Florence Street, Downey, California; and partially supported his children, who lived with his mother.

October 4, 1966. A Current Information Questionnaire was sent to appellant by certified mail at 2712 Flower Avenue, North Las Vegas, Nevada. This letter was returned by the post office as "Unclaimed".

November 28, 1966. An Order to Report for Armed Forces Physical Examination on December 19, 1966, was mailed to appellant at 1310 West Macon Street, Decatur, Illinois. This Order was returned by the post office marked "Addressee Unknown". The Order was then remailed to appellant c/o Sound Sleep Mattress Company, 708 Florence Street, Downey, California. The post office did *not* return this Order.

December 19, 1966. Appellant did not report for physical examination.

January 5, 1967. Appellant was declared a delinquent by a 3-0 vote of the local board on the basis of his failure to report for physical examination and he was so reported to the Decatur, Illinois newspaper.

January 6, 1967. A Delinquency Notice was mailed to appellant at 1310 West Macon Street, Decatur, Illinois. This Notice was later returned marked "Addressee Unknown".

January 11, 1967. An Order to Report for Induction on January 26, 1967, was mailed to appellant at 1310 West Macon Street, Decatur, Illinois. This Order was later returned by the post office marked "Addressee Unknown".

January 26, 1967. Appellant failed to report for induction.

February 6, 1967. The local board reported appellant as a delinquent to the United States Attorney for the Southern District of Illinois on the basis of his failure to report for induction, failure to notify the local board of his correct address, and failure to report for Armed Forces Physical Examination.

May ..., 1967. The FBI located appellant at 2712 Flower Avenue, North Las Vegas, Nevada.

May 9, 1967. The appellant wrote the local board, stating that he was willing to comply with their instructions and rules; had never attempted to avoid the board's authority; had not received any correspondence from the board for the past five years or more; and was "ignorant of your regulations that required me to notify you of my whereabouts even after age 26".

May 16, 1967. The local board wrote to appellant, advising him of his duty to keep the local board informed of his current address and status at all times, of the many attempts to locate him, and of the facts underlying his delinquency classification and his reference to the United States Attorney for prosecution.

The United States Attorney wrote the Assistant Attorney General, Criminal Division, that "[d]ue to the fact the Local Board is now in contact with the registrant, we are declining prosecution in this case and closing our file".

May 17, 1967. A Current Information Questionnaire was mailed to appellant, which he returned on May 25, 1967. Appellant stated in this questionnaire that he was self-employed, married but not living with his wife, and had two children living with his mother through his support.

The clerk of the local board wrote the State Director, Selective Service System: "Should this registrant again be ordered for induction as a delinquent even though he is over age 26? Please advise."

May 18, 1967. The State Director wrote the local board:

"If it meets with the approval of your local board, this is your authority to reopen the registrant's classification, cancel his Order to Report for

Induction, and to clear his delinquency."

June 20, 1967. The local board voted 5-0 to maintain appellant as a delinquent I–A.

June 23, 1967. The local board wrote appellant:

"The United States Attorney declined prosecution, since you had been located and had contacted the Local Board.

"The Local Board reviewed your file at their meeting on June 20, 1967, but were of the opinion that the information submitted did not warrant a reopening of your classification, or removal from delinquency status. Therefore, you will remain in Class I–A, and will be ordered for induction in July."

June 26, 1967. The local board mailed an Order to Report for Induction on July 31, 1967, to appellant at 2712 Flower Avenue, North Las Vegas, Nevada.

July 4, 1967. Appellant requested, by letter, "cancellation or postponement" of his induction and "reconsideration and reclassification", stating that "conscription would work real and extreme hardship on my Mother and children who couldn't *begin* to sustain themselves on an Army allotment." Appellant also unsuccessfully sought relief by letter to the State Director and by telegram to General Lewis B. Hershey, Director of the Selective Service System.

July 7, 1967. After the clerk of the local board contacted three board members concerning appellant's July 4th letter, she wrote appellant:

"Please be advised that the Local Board did not wish to postpone your Order to Report for Induction on July 31, 1967 or to request authority from the State Director to cancel your Induction Order. Therefore, you should report for Induction as ordered on July 31, 1967."

July 31, 1967. Appellant reported for induction, but refused to submit thereto, writing out and signing a statement, "I refuse to be inducted into the Armed Forces of the United States."

Appellant was indicted on November 29, 1967, and thereafter tried to the court without a jury, the Honorable Roy W. Harper, Chief Judge, presiding.

At the trial, the clerk of the local board testified that appellant, had he not been declared a delinquent, would have been in category 5 of the I–A classification, which consists of registrants aged 26 to 35; that the local board had never to her knowledge drafted anyone out of category 5; that appellant, had he not been delinquent, would not have been in any group which at that time was being ordered to report for induction by the local board; that it was the customary procedure of the board to order delinquents to report for induction after they had been in contact with the board and agreed to comply with its orders; and that she didn't remember the board ever removing a registrant from delinquency status pursuant to 32 C.F.R. § 1642.-4(c).

Appellant testified that he left Decatur, Illinois, in June 1963 and that he did not notify the board of his change of address, because "I didn't know that I needed to, nor that they would be interested"; that from February 1966 to July 1966 he paid $300 per month support for his children and mother, and from July 1966 until the trial he had paid $200 per month support for his children and mother; that in July 1966 he was ordered by the court to pay $100 per month per child for the support of his children and was deprived of their custody; that he was his mother's only source of support, except for $22 a month from the rental of a garage; and that he would have submitted to induction if other persons in his age group had also been called for induction.

Appellant was found guilty and sentenced to five years' imprisonment.

■■ Initially, we must note the admonition of the Supreme Court "that it is not for the courts to sit as super draft boards, substituting their judg-

ments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 98 L.Ed. 132 (1953)." Witmer v. United States, 1955, 348 U.S. 375, 380–381, 75 S.Ct. 392, 395, 99 L.Ed. 428; Vaughn v. United States, supra, 8 Cir., 1968, 404 F.2d 586, 589. This court is permitted to overturn a draft classification only if it has "no basis in fact", 50 U.S.C.App. § 460(b) (3);[1] Estep v. United States, 1946, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567; Vaughn v. United States, supra, 404 F.2d at 589; or if we find that the local board's action has the effect of denying appellant basic procedural fairness. Vaughn v. United States, supra, at 590. Further,

"It is properly presumed that a registrant's board has fully considered all relevant information presented to it, and that it has classified and processed him regularly, and in accordance with the applicable statutes and regulations. Greer v. United States, 5 Cir., 378 F.2d 931 (1967); Storey v. United States, 9 Cir., 370 F.2d 255 (1966); * * *." Oestereich v. Selective Service System, 1968, 393 U.S. 233, 241, 89 S.Ct. 414, 418, 21 L. Ed.2d 402 (Harlan, J., concurring).

Under 32 C.F.R. § 1622.30, the local board "shall" place in class III–A "any registrant who has a child or children with whom he maintains a bona fide family relationship in their home", with certain exceptions not here pertinent, and "any registrant whose induction into the armed forces would result in estreme hardship * * * to his wife, divorced wife, child, parent, grandpar-

ent, brother, or sister who is dependent upon him for support * * *."

No Selective Service classification is permanent. 32 C.F.R. § 1625.-1(a). Each registrant is considered as available for military service until his eligibility for deferment or exemption from military service is clearly established to the satisfaction of the local board. 32 C.F.R. §§ 1622.1(c), 1622.10. The mailing by the local board of a classification questionnaire to the latest address furnished by a registrant is notice to the registrant that he will be classified I–A unless information is presented to the local board which will justify his deferment or exemption from military service. 32 C.F.R. § 1622.1(c).

A Current Information Questionnaire was sent to appellant at his last known address on March 17, 1966. The local board therefore properly reclassified appellant from III–A to I–A on June 21, 1966.

Appellant, upon his reclassification to I–A, had the right to appear in person before the local board and the right to appeal this classification. 32 C.F.R. §§ 1624.1, 1624.2, 1626.2. He did not exercise these rights.

The effect of appellant's reclassification to I–A was to place him in category 5 in the order of call of I–A registrants. Thus, among I–A registrants, appellant would be subject to induction after delinquents, volunteers under age 26, and non-volunteers between the ages of 19 and 26. 32 C.F.R. § 1631.7.

It is the duty of each registrant to keep his local board currently informed of his occupational, marital, family, dependency, and military status,

---

1. § 10(b) (3) of the Selective Service Act, 50 U.S.C.App. § 460(b) (3), provides in pertinent part:

"* * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirma- tively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

physical condition, home address, and receipt of any professional degree within ten days after any such change. 50 U.S.C. App. § 465(b); 32 C.F.R. §§ 1625.-1(b), 1641.7(a). Each registrant is charged with notice of this duty, 50 U.S.C.App. § 465(a); 32 C.F.R. § 1641.1, and, in fact, this requirement is printed on his registration card and notice of classification. Whenever a registrant has failed to perform any of his duties under the Selective Service law, including notification of change of status, other than the duty to comply with an Order to Report for Induction, the local board may declare him a delinquent.[2] 32 C.F.R. § 1642.4(a). The local board therefore properly declared appellant a delinquent on the basis of his failure to report for Armed Forces Physical Examination and his failure to notify the local board of his current address.

The effect upon appellant of the declaration of delinquency status was to move his order of call from category 5 (non-volunteers who have attained the age of 26 years) to category 1 (I–A registrants who must be given priority induction). 50 U.S.C.App. § 456(h) (1); 32 C.F.R. § 1631.7.

A registrant may be removed from delinquency status at any time by the local board, 32 C.F.R. § 1642.4(c), and a registrant, upon declaration as a delinquent, has the rights of personal appearance and appeal. 32 C.F.R. § 1642.14. Appellant did not timely exercise these rights.

Appellant contends that when he reestablished contact with the local board, the purpose of the delinquency regulations had been satisfied and the local board, by inducting him, turned these regulations into punitive measures under the rationale of Oestereich v. Selective Service System, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402.

Oestereich stands for the proposition that a local board may not deprive a registrant of a statutory exemption by means of the delinquency regulations because of conduct or activities unrelated to the merits of granting or continuing that exemption. The Supreme Court stated:

"We can find no authorization for that use of delinquency. Even if Congress had authorized the Boards to revoke statutory exemptions by means of delinquency classifications, serious questions would arise if Congress were silent and did not prescribe standards to govern the Boards' actions. There is no suggestion in the legislative history that, when Congress has granted an exemption and a registrant meets its terms and conditions, a Board can nonetheless withhold it from him for activities or conduct not material to the grant or withdrawal of the exemption. So to hold would make the Boards free-wheeling agencies meting out their brand of justice in a vindictive manner." 393 U.S., at 237, 89 S.Ct., at 416.

Oestereich, unlike this case, involved a statutory exemption where "there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved." 393 U.S., at 238, 89 S.Ct., at 416. Here, appellant's classification was within the discretion of the board and must be sustained by this court if such classification had a "basis in fact".

We believe the Court of Appeals for the Sixth Circuit answers appellant's contention in Anderson v. Hershey, 1969, 410 F.2d 492 petition for certiorari filed Aug. 8, 1969, 38 L.W. 3078. In Anderson, the court, in upholding delinquency regulations as applied to regis-

2. A registrant's willful failure to keep his local board advised of his status is also a crime. Stumpf v. Sanford, 5 Cir., 1944, 145 F.2d 270, cert. denied, 324 U.S. 876, 65 S.Ct. 1012, 89 L.Ed. 1429; 50 U.S.C. App. § 462. In accordance with the general rule, ignorance of the Selective Service law is no excuse. United States v. Mansavage, 7 Cir., 1949, 178 F.2d 812, 817, cert. denied, 339 U.S. 931, 70 S.Ct. 665, 94 L.Ed. 1351.

trants who had previously been in II–S, I–A, I–Y and III–A classifications, noted that *Oestereich* dealt with, and was meticulously confined to, the application of the delinquency regulations to a statutory exemption. The court then differentiated *Oestereich*, involving an exemption, from the situation involving a deferment, such as here, stating:

"* * * In the case of an exemption, the Congress has made the decision that qualifying persons shall be beyond the pool of manpower available for military purposes. In the case of a deferment, the Congress has tried to set priorities, to provide predictability, and to guarantee equality of treatment—but not immunity—for those within the available pool of manpower. An exempt person is predetermined to be outside the system; a deferred person is within the system. We deem this a significant line of demarcation.[3]

"If a person is outside the system, the performance or non-performance by him of such collateral duties as possessing his registration certificate will have only a minimal effect on the functioning of the system. Perhaps the only effect would be to increase a local board's difficulty in reclassifying him should his status change (e. g., should a clergyman withdraw from his profession) and should he not notify the board of this change or of a change of address. *But in the case of a deferred person, the impingement on the system of failure to perform a wide range of collateral duties*—registration itself, *returning a completed Classification Questionnaire, notifying a board of change of status or address,*

*reporting for a medical interview or physical examination,* possessing a certificate, providing evidence that the registrant is satisfactorily pursuing a full-time course of instruction, etc.—*is substantial.*" [4] (Emphasis supplied.) 410 F.2d, at 494.

See, United States v. Pence, 8 Cir., 1969, 410 F.2d 557; United States v. Gutknecht, 8 Cir., 1969, 406 F.2d 494, cert. granted, 394 U.S. 997, 89 S.Ct. 1595, 22 L.Ed.2d 774; Kraus v. Selective Service System Local 25, 4 Cir., 1969, 408 F.2d 622.

Appellant also contends that the local board abused its discretion by not removing him from delinquency status and by inducting him, in view of the fact that the United States Attorney had declined prosecution; the State Director of Selective Service had authorized the local board to clear his delinquency, cancel his Order for Induction, and re-open his classification; the local board was aware that he was the sole support of his mother and two children; and no registrant over the age of 26 years had been inducted during the period involved.

The letter from the State Director to the local board stated only:

"If it meets with the approval of your local board, this is your authority to reopen the registrant's classification, cancel his Order to Report for Induction, and to clear his delinquency."

This directive did not impose a mandatory duty upon the local board to take such action. 32 C.F.R. § 1625.3.

It is well-settled that reclassification of a registrant must be based

3. In fact, the 1967 changes in the Selective Service Act restricted the availability of III–A deferments in order to prevent "pyramiding" deferments into an exemption. 50 U.S.C.App. § 486(h); 32 C.F.R. § 1622.30(a); H.R. No. 267, 90th Cong., 1st Sess., 1967 Code, Cong. & Admin. News 1308, 1324. If appellant were to prevail in his contentions, his failure to notify his local board of his change of address and dependency status and his

failure to report for physical examination—all violations of his Selective Service duties—would result in his conversion of a deferment into an effective exemption.

4. "The smooth functioning of the system requires that local boards be continually aware of the status and whereabouts of registrants * * *." United States v. O'Brien, 1968, 391 U.S. 367, 379, 88 S.Ct. 1673, 1680, 20 L.Ed.2d 672.

upon some fact which would justify a change in classification but which was not considered in granting the original classification. 32 C.F.R. §§ 1625.2, 1625.3, 1625.11; United States v. Pence, supra, 8 Cir., 1969, 410 F.2d 557. A registrant is not entitled to have his classification reopened and reconsidered upon a mere naked request, but is required to submit written evidence of objective facts in support of his claim. Vaughn v. United States, supra, 8 Cir., 1968, 404 F.2d 586, 590.

 When the local board, on June 20, 1967, unanimously voted not to reopen appellant's I–A classification or remove his delinquency status, the board had before it information from both appellant and his wife that although appellant was married, he was not living with his wife, and that he had two children living with his mother through his support. These facts are insufficient to entitle appellant to a III–A classification as a father of a child or children with whom he maintains a *bona fide family relationship in their home*. 32 C.F.R. § 1622.30(a). Also, on the basis of the information known to the board, appellant had not made a prima facie case for a III–A "extreme hardship" deferment. 32 C.F.R. § 1622.30(b). Not only did the board have a basis in fact for appellant's classification and not abuse its discretion in not reopening appellant's I–A classification, but it was their duty upon the facts before it to maintain appellant in class I–A. 32 C.F.R. § 1622.-10.

 With regard to the local board's refusal to remove appellant from delinquency status on June 20, 1967, the local board was entitled to conclude: (1) That appellant had received his Notice of Classification mailed on June 22, 1966, his Current Information Questionnaire, mailed July 18, 1966, and his Order to Report for Armed Forces Physical Examination, mailed November 28, 1966, United States v. Griffin, 2 Cir., 1967, 378 F.2d 899; United States v. DeNarvaez, 2 Cir., 1969, 407 F.2d 185; (2) that he had willfully failed to notify the local board of his change of address and marital and dependency status; and (3) that he had willfully failed to report for Armed Forces Physical Examination. The local board therefore had a basis in fact for maintaining appellant in delinquency status.

 When appellant requested, by letter of July 4, 1967, "cancellation or postponement" of his induction and "reconsideration and reclassification", stating that "conscription would work real and extreme hardship on my Mother and children who couldn't begin to sustain themselves on an Army allotment", his situation had not changed since June 20, 1967, when the local board had refused to reopen his classification or remove him from delinquency status. Appellant was therefore not entitled to reclassification. 32 C.F.R. §§ 1625.2, 1625.3, 1625.11; United States v. Pence, supra, 410 F.2d at 557; compare, Lewis v. Secretary, Department of the Army, 9 Cir., 1968, 402 F.2d 813.

We find that the local board properly maintained appellant in a delinquent I–A status and ordered him to report for induction.

Affirmed.