UNITED STATES of America,
Plaintiff,

v.

Jerry Allyn SCHAEFER, Defendant.

No. 2–72–Crim–16.

United States District Court,
D. Minnesota,
Second Division.

March 17, 1972.

---

Robert G. Renner, U. S. Atty., and Peter J. Thompson, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Stephen M. Goldfarb, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Two issues have been raised in this jury waived criminal action. The first issue is whether defendant failed to comply with an order of his local Selective Service Board to report for and submit to induction into the Armed Forces of the United States. The second issue is whether defendant knowingly failed and neglected to keep his local board informed of his current address.

Following registration with the Selective Service System, defendant was classified 1–A on August 23, 1968. Subsequently defendant was classified 2–S until November 22, 1970, at which time he was again classified 1–A. On December 22, 1970, defendant was ordered to report for a physical examination on January 6, 1971. On January 7, 1971, defendant was placed in the Extended Priority Selection Group as this group is defined by 32 C.F.R. § 1631.7(c) (1). After defendant failed to report for his physical, the local board again notified him that he was to report for a preinduction physical on April 20, 1971. Registrant complied with this order and was mailed a statement of acceptability on May 20, 1971.

On October 13, 1971, defendant was mailed an order to report for induction on November 16, 1971. Defendant did not report and on November 19, 1971, he was mailed another notice to report on December 8, 1971. Defendant again failed to report for induction on that date and as a result of that failure he was subsequently indicted.

## COUNT I

■ It is defendant's contention that the order to report for induction on December 8, 1971 was invalid in that it was issued in a manner not consistent with the mandates of 32 C.F.R. § 1631.7. Defendant urges that the Extended Priority Selection Group only includes those registrants who were members of the First Priority Selection Group on December 31, whose random sequence numbers had been reached, who had not been issued orders to report for induction and who on December 31, could have been issued orders to report for induction.[1] It is defendant's position that, since on December 31 he had not as yet received his preinduction physical, had not been found qualified for induction and thus on that date could not have been issued a valid order to report for induction, he should not have been placed in the Extended Priority Selection Group. Defendant seeks support for this argument

---

1. 32 C.F.R. § 1631.7(c) (1) reads, "The Extended Priority Selection Group consists of registrants who on December 31 were members of the First Priority Selection Group whose random sequence number had been reached but who had not been issued Orders to Report for Induction." Defendant agrees that on December 31, 1970 he was a member of the First Priority Selection Group, that his random sequence number had been reached and that he had not been issued an order to report for induction.

in the wording of Section 1631.7(a) which provides that an order to report for induction may be issued to a registrant only if he has been classified 1–A or 1–A–O, has been found acceptable for service in the Armed Forces and to whom a statement of acceptability has been mailed at least 21 days before the date fixed for induction. But defendant's position is not supported by case law or interpretation and represents a strained reading of a clear regulation.

Section 1631.7(c) (1) defines Extended Priority Selection Group. It does not include the limitations defendant asks the court to read into it. In addition Section 1631.7(d) (5), which deals with the retention of registrants in the Extended Priority Selection Group beyond April 1 of the following year, indicates that a registrant may be included in the Extended Priority Selection Group even if he could not be issued a valid induction order. Section 1631.7(d) (5) provides that such a situation may arise where there is involved, " . . . a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act." Clearly a registrant meeting the criteria outlined in Section 1631.7(c) (1) may be transferred into the Extended Priority Selection Group even though on December 31 of the previous year the local board might not have been able to issue him a valid induction order.[2]

I find that the order directing defendant to report for induction was not invalid. Since it is uncontroverted that defendant is a person subject to the requirements of the Military Selective Service Act and defendant testified that he did receive the order and willfully failed to comply with this order, I therefore find defendant to be guilty as charged in Count I of the indictment.[3]

## COUNT II

Count II of the indictment charges that beginning on or about November 19, 1971, and continuing until December 8, 1971, defendant knowingly failed to keep his local board informed as to his current address.

■ To support a conviction on this count it is essential that the evidence show beyond a reasonable doubt that registrant's failure to keep the local board informed of his current address was a knowing and deliberate failure. 50 U.S.C. App. § 462(a) ; Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953) ; Stumpf v. Sanford, 145 F.2d 270 (5th Cir. 1944), cert. denied, 324 U.S. 876, 65 S.Ct. 1012, 89 L.Ed. 1429 (1945) ; United States v. Reeves, 325 F.Supp. 179 (M.D.Fla.1971). The factual determination to be made is whether registrant made a good faith effort to provide his local board with his current address. United States v. Hedges, 449 F.2d 1289 (9th Cir. 1971) ; United States v. Ebey, 424 F.2d 376 (10th Cir. 1970).

■ Here the file shows that during the entire period noted in the indictment the local board did in fact have registrant's current address. Item 18 in defendant's selective service file reflects that the Executive Secretary of the local board received registrant's address from his father on November 19, 1971. In

2. Such an interpretation is consistent with those cases which have held that in construing the Selective Service Act and the regulations of the Selective Service System, the courts should seek to determine the congressional intent and not strive to find technical construction which is not necessary for the protection of the rights of the individual and which merely results in hampering the government. See, e. g., Fishgold v. Sullivan Drydock & Repair Corp., 154 F.2d 785 (2d Cir. 1946),

affd., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946) ; and United States ex rel. Bergdoll v. Drum, 107 F.2d 897 (2d Cir. 1939), cert. denied, 310 U.S. 648, 60 S.Ct. 1098, 84 L.Ed. 1414 (1940).

3. Defendant's contention that his liability for induction should have been considered in conjunction with those registrants called in 1971 is without merit. See 32 C.F.R. § 1631.7(b) (2), and 32 C.F.R. § 1631.5(d).

**374**

addition a copy of the order to report for induction was sent to registrant at this address and defendant testified that he did receive the order. Under these facts I cannot find beyond a reasonable doubt that defendant knowingly failed to keep his local board informed as to his current address as charged in the indictment. I find defendant not guilty of the offense charged in Count II of the indictment.

Therefore since I find defendant guilty as charged in Count I of the indictment and not guilty as to the charge contained in Count II of the indictment, it is ordered that the case be, and hereby is, referred to the probation office for presentence investigation. Defendant is to be notified later of the date of sentencing and continued to that date on his present bond. This memorandum is intended to comply with the requirements of Rule 23(c) of the Federal Rules of Criminal Procedure.